■ In the Matter of JAMES F. GOLDSBERRY, Doing Business as BETTY's TAVERN, Petitioner, v. STATE LIQUOR AUTHORITY, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the State Liquor Authority, which canceled petitioner's license. The instant record contains substantial evidence to support the respondent's finding that

petitioner permitted another to avail himself of petitioner's license in contravention of section 111 of the Alcoholic Beverage Control Law and its finding must, therefore, be upheld. We find no merit in petitioner's argument that he was not given adequate warning by the hearing officer of the severity of the charge and that he should be represented by counsel. The contention ignores the fact that the notice of pleading and hearing in the very first sentence states that the proceedings were to revoke petitioner's license and clearly advised petitioner in two places that he could be represented by counsel at the hearing. In view of this, it was not error for the hearing officer not to again warn petitioner of the seriousness of the charge or to advise him to seek counsel. However, in our opinion, on the facts presented in the instant record, the cancellation of petitioner's license was excessive and disproportionate to the offense (*Matter of Potter* v. *New York State Liq. Auth.*, 37 A D 2d 760; *Matter of Lakeside Country Club* v. *New York State Liq. Auth.*, 34 A D 2d 1100) and the penalty should be reduced to suspension for 30 days. Determination modified, on the law and the facts, to reduce the penalty to suspension of petitioner's license for 30 days, and, as so modified, affirmed, without costs. Staley, Jr., J. P., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.